Chapman v. Western Union Telegraph Co.

CASE 44—PETITION ORDINARY—JUNE 14.

# Chapman v. Western Union Telegraph Co.

### APPEAL FROM WARREN CIRCUIT COURT.

| 90 | 265 |
| 107 | 466 |
| 107 | 516 |

| 90 | 265 |
| e113 | 570 |
| 114 | 503 |
| d115 | 819 |

| 90 | 265 |
| f120 | 198 |

| 90 | 265 |
| 119 | 633 |

| 90 | 265 |
| e122 | 841 |
| j124 | 828 |

| 90 | 265 |
| e126 | 46 |
| f127 | 141 |

| 90 | 265 |
| e129 | 794 |

| 90 | 265 |
| 138 | 502 |

1. RIGHT OF ACTION FOR FAILURE TO DELIVER TELEGRAM.—The person to whom a telegraphic message is addressed, as well as the sender, may have an action against the telegraph company to recover damages resulting from the company's negligent delay in delivering the message.

2. SAME—REMOTE DAMAGES.—Where a telegraph company failed for several days to deliver a message to a son, announcing the dangerous illness of his father, the claim of the son, that if the message had been delivered within a reasonable time he would have reached the father before his death, and would have received from him a dona-tion, is too uncertain and remote to constitute an element of damage in an action by the son against the telegraph company. Considering the nature of the message, the parties to the sending of it could not, have contemplated that such a loss would arise from a breach of the, contract.

3. INJURY TO FEELINGS AS AN ELEMENT OF DAMAGE—In an action against a telegraph company to recover for delay in the delivery of a message, injury to the feelings should be regarded as a part of the actual damage, and the jury should be allowed to consider it, although not connected with physical pain or pecuniary loss.

On the 12th of February a telegram was sent from Franklin, Ken-tucky, to Bowling Green, Kentucky, a distance of twenty miles, an-nouncing to a son the dangerous illness of his father. February 16 a, second telegram was sent, announcing the death of the father and when he would be buried. The son hearing on the street of the. death of his father, called at the telegraph office on the 17th of Feb-ruary and received the two telegrams. In this action by the son against the company, *Held*—That the court erred in instructing the jury that the plaintiff, if entitled to recover, was limited to nominal damages.

JOSEPH G. COVINGTON FOR APPELLANT.

1. The pecuniary loss sustained by appellant in missing the donation of the note named in the petition is not too remote to be recovered. It is within the rule that "a party is liable for all the direct damages which both parties to the contract would have contemplated as flow-ing from its breach, if, at the time they entered into it, they had be-stowed proper attention upon the subject, and had been fully informed.

of the facts." (Leonard v. Western Union Tel. Co., 41 N. Y., 544; Western Union Tel. Co. v. McKibben (Ind.), 14 N. E. Rep., 894; Harkness v. Western Union Tel. Co., 34 N. W., 811; Stiles v. Telegraph Co. (Arizona), 15 Pac. Rep., 712.)

·2. The plaintiff is entitled to recover for mental anguish, although he may have suffered no pecuniary loss. (Wadsworth v. Telegraph Co., 86 Tenn., 695; s. c., 6 Am. St. Rep., 864; So Relle v. Western Union Tel. Co., 55 Texas, 303; s. c., 40 Am. Rep., 805; Gulf, &c., v. Levy, .59 Tex., 542; s. c., 46 Am. Rep., 269; Stuart v. Western Union Tel. ·Co., 66 Tex., 580; s. c., 59 Am. Rep., 623; Shearman & Redfield on Negligence, sec. 605, p. 662.)

N. A. PORTER OF COUNSEL ON SAME SIDE.

WRIGHT & McELROY FOR APPELLEE.

1. Was there such privity between plaintiff and defendant as will entitle plaintiff to maintain this action? The weight of American authorities seem to concede the right of plaintiff to maintain a suit on such a contract, but the English authorities are the other way. (Gray on Communication by Telegraph, sec. 65.)

.2. As the court below refused to admit any testimony touching plaintiff's failure to get the note referred to in the petition as a donation, and as plaintiff did not complain of that ruling in his grounds for new trial, it can not be considered by this court.

But the court did not err in refusing to admit the testimony, as such damages are too remote. (Smith v. Western Union Tel. Co., 85 Ky., 104; 2 Greenleaf on Evidence, 210; Hadley v. Baxendale, 9 Exch., 341.)

.3. In a case like this, when the claim is for mental suffering alone, wholly disconnected with physical pain or pecuniary loss, there can be no recovery. (Gray on Communication by Telegraph, sec. 80, p. 147; ·Canning v. Williamstown, 1 Cush., 451; Lynch v. Knight, 9 H. L., .577, 598; Johnson v. Wells Fargo Co., 6 Nev., 224; Wood's Mayne on Damages, 70; Wayman v. Seavet, 71 Me., 227; Wharton on Negligence, secs. 438-9, 756; Walsh v. C. M. & St. P. R'y, 42 Wis., 23; Russell ·v. W. U. Tel. Co., 3 Dak.; s. c., 19 N. W. Rep., 408; Hamlin v. Great Northern R. Co., 1 H. & N., 408-411; Covington Street R'y Co. v. Packer, 9 Bush, 459; Keys v. M. & St. L. R'y, 30 N. W., 888; Shearman & Redfield on Negligence, 4 ed., sec. 757; Freese v. Tripp, 70 Ill., 503; 74 Mo., 153; 27 Kansas, 564; dissenting opinion in Woodsworth v. Western Union Tel. Co., 86 Tenn., 695.)

The case of So Relle v. Western Union Tel. Co., 55 Texas, 303, has been disapproved to the extent it was supposed to authorize a recovery for injury to the feelings only. (Gulf Railway Co. v. Levy, 59 Texas, 563; McAllen v. Western Union Tel. Co., S. W. Rep., May 14, 1888, p. 715.)

Chapman v. Western Union Telegraph Co.

Additional authorities cited in petition for rehearing: West v. Western Union Tel. Co., 17 Pac. Rep., 807; Cuts v. Western Union Tel. Co., 36 N. W. Rep., 627; Rowell v. Western Union Tel. Co., 12 S. W. Rep., 534.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is an action against the telegraph company for damages for negligently failing to deliver to the appellant, Joseph Chapman, two telegrams, the one sent on February 12, 1888, announcing to him the dangerous illness of his father, and the other, sent on February 16, informing him of his death, and when he would be buried. They were sent from Franklin, Kentucky, to Bowling Green, Kentucky, a distance of about twenty miles. The appellant then resided in the latter city, and learning upon the street of the death of his father he called at the telegraph office on February 17 and received the two telegrams. The jury found one cent and the costs of the action.

Inasmuch as it must be tried again, we shall not discuss the evidence relating to the question of negligence. The appellant claims that by reason of it he sustained a pecuniary loss by missing a donation from his father of a promissory note, which he says his father would have given him if he had seen him in his last illness; and that he was also damaged in his feelings and affections by being thereby prevented from attending upon his father in his last illness and from attending his burial.

The claim for the first item of damage was rejected as being too remote for recovery. The second was ruled out upon the ground that damage to the feelings, not blended with physical pain arising from

actual injury, or not connected with pecuniary loss, can not be a subject of recovery. The lower court substantially instructed the jury that the appellant, if entitled to recover at all, was limited to nominal damages.

The company insists that as the appellant was not the sender of the telegrams, he can maintain no action whatever. The contract under which they were sent was, however, made for his benefit. He was to be the sole beneficiary. The sender had no interest in them. This the company knew from their character. In such a case the party for whom a telegram is intended may sue the company for negligence as to it. It is said in Shearman & Redfield on Negligence, section 560: "We think, therefore, that upon the principle of these decisions a telegraph company is responsible for its negligence to a person to whom a message is addressed, as well as to the sender. If it were not so, it is obvious that the receivers of telegrams would often sustain great damage without any means of redress." This is not the English, but it is the American rule, and is, in our opinion, supported by reason, necessity and a proper policy. (Gray on Telegraphs, section 65; Wadsworth v. Western Union Telegraph Company, 86 Tenn., 695.)

The lower court properly rejected the first item of damage. It was too uncertain and remote. Greenleaf on Evidence, volume 2, section 256, says: "The damage to be recovered must always be the *natural and proximate* consequence of the act complained of. This rule is laid down in regard to special damage, but it applies to all damage." It does not naturally follow,

if the appellant had received the telegram promptly, that he would have received the donation. *Perhaps* his father would have given him the note. It would not, however, have been a natural consequence of his going to see him. He might, and might not, have done so. No such loss could have been contemplated by the parties to the sending of the message, if their minds had at the time been drawn to the contingency of its not being properly delivered. Considering the nature of the dispatch, they could not have contemplated that such a loss would arise from a breach of the contract. As well might one claim from a railroad company the amount of a stake in a race upon the ground that if the train had not been negligently delayed his horse would have arrived in time and won the race.

The remaining question is one of some difficulty. It has, upon the state of case now presented, been little before the courts, and but few authorities can be found. Indeed, so far as we have been able to find, but two or three courts of last resort have considered it. One of them has, at least to some extent, varied in its opinion, while the members of another have been divided as to it. It is, can one, in a case like this, recover damages for an injury to his feelings, unaccompanied by any pecuniary loss or physical suffering from bodily injury?

Many of the text-writers say that a person can not recover damages for mental anguish alone, and that he can recover such damages only where he is entitled to recover some damages upon some other ground. It will generally be found, however, that they are speak-

ing of cases of personal injury. If a telegraph company undertakes to send a message, and it fails to use ordinary diligence in doing so, it is certainly liable for *some* damage, though it may be nominal only. It has violated its contract, and whenever a party does so he is liable at least to some extent. Every infraction of a legal right causes injury in contemplation of law. The party being entitled in such a case to recover something, why should not an injury to the feelings, which is often more injurious than a physical one, enter into the estimate? Why, being entitled to *some* damage by reason of the other party's wrongful act, should not the complaining party recover *all* the damage arising from it? It seems to us that no sound reason can be given to the contrary.

The business of telegraphing, while yet in its infancy, is already of wonderful extent and importance to the public. It is growing, and the end can not yet be seen. A telegraph company is a *quasi* public agent, and as such it should exercise the extraordinary privileges accorded to it with diligence to the public. If, in matters of mere trade, it negligently fails to do its duty, it is responsible for all the natural and proximate damage. Is it to be said or held that, as to matters of far greater interest to a person, it shall not be, because feelings or affections only are involved? If it negligently fails to deliver a message which closes a trade for a hundred dollars, or even less, it is responsible for the damage. It is said, however, that if it is guilty of like fault as to a message to the husband that the wife is dying, or to the father that his son is dead, and will be buried at a certain time,

there is no responsibility, save that which is nominal. Such a rule, at first blush, merits disapproval. It would sanction the company in wrong-doing. It would hold it responsible in matters of the least importance, and suffer it to violate its contracts with impunity as to the greater. It seems to us that both reason and public policy require that it should answer for all injury resulting from its negligence, whether it be to the feelings or the purse, subject only to the rule that it must be the direct and proximate consequence of the act. The injury to the feelings should be regarded as a part of the *actual* damage, and the jury be allowed to consider it. If it be said that it does not admit of accurate pecuniary measurement, equally so it may be said of any case where mental anguish enters into the estimate of injury for a wrong, and it furnishes no sufficient reason why an injured party should not be allowed to look to the wrong-doer for reparation. If injury to the feelings be an element of actual damage in slander, libel and breach of promise cases, it seems to us it should equally be so considered in cases of this character. If not, then most grievous wrongs may often be inflicted with impunity, and legal insult added to outrage by the party by offering one cent or the cost of the telegram as compensation to the injured party. Whether the injury be to the feelings or pecuniary, the act of the violator of a right secured by contract has caused it. The source is the same, and the violator should answer for all the proximate damages.

In Shearman & Redfield on Negligence, section 605, it is said: "In case of delay or total failure of de-

livery of messages relating to matters not connected with business, such as personal or domestic matters, we do not think that the company in fault ought to escape with mere nominal damages on account of the want of strict commercial value in such messages. *Delay in the announcement of a death*, an arrival, the straying or recovery of a child, and the like, may often be productive of an injury to the feelings, which can not easily be estimated in money, but for which a jury should be at liberty to award fair damages. Yet, in such cases the damages ought not to be enhanced by evidence of any circumstances which could not reasonably have been anticipated as probable from the language of the written message."

This seems to us to be the true rule; one which is in accord with reason, and necessary to a proper protection of individual right and the interests of the public. The cases of Stuart v. Western Union Telegraph Company, 66 Texas, 580, and Wadsworth against the same company, *supra*, support this view of the question; and the instructions of the lower court being *contra*, the judgment is reversed, and cause remanded for a new trial, consistent with the views herein expressed.