CASE 72—ACTION FOR DAMAGES FOR DELAY IN DELIVERING TELEGRAM—JAN. 4.

# Western Union Telegraph Company v. Steenbergen.

APPEAL FROM MARION CIRCUIT COURT.

1. DAMAGES—DELAY IN DELIVERING TELEGRAM.—A father-in-law can not recover of a telegraph company damages for mental anguish caused him by the failure of the company to deliver a telegram to his son-in-law announcing the serious illness of the latter's mother-in-law, whereby he was prevented from being present at her death-bed.

2. SAME—TELEGRAMS RECEIVED AFTER OFFICE HOURS.—It is not the legal duty of a telegraph company to deliver telegrams received after office hours until a reasonable time after the beginning of office hours on the succeeding day.

WILLIAM LINDSAY FOR APPELLANT, ARGUED ORALLY.

(No brief on file.)

A. E. RICHARDS ON SAME SIDE, ARGUED ORALLY.

RICHARDS, WEISSINGER & BASKIN ON SAME SIDE.

On errors in instructions: W. U. T. Co. v. Harding, 3 N. E. R., 174; Given v. W. U. T. Co., 24 Fed. Rep., 119.

ROZEL WEISSINGER IN A SEPARATE BRIEF ON THE SAME SIDE.

1. The telegraph company having established reasonable office hours for the delivery of messages at McKinney, was not answerable for not delivering messages out of these office hours. The court should have found as a matter of law that the telegraph company had a right to establish office hours and should have instructed the jury that it was not compelled to deliver the message until the morning of December 20th. This being the case, it would have been impossible for Newton to have taken the message to Tate, who lived three miles from McKinney, in time for Tate to have reached McKinney for the eight o'clock train.

2. Conceding the negligence of the telegraph company, Steenbergen could not have recovered for grief except for grief suffered from the time the receiver of the message could have reached Steenbergen's, had the message been promptly delivered, and the time he could have reached the place with due diligence after the message was actually delivered. The court refused in its instructions to qualify this matter at all. In any view of the case plaintiff's right to recover should have been so limited.

3. The fourth paragraph of the answer alleges that the message was written by Steenbergen on an ordinary piece of white paper, and was delivered to defendant's agent while out of his office, with request to send the same; that the defendant's agent pasted the same upon a day blank, which stipulated that the company would not be liable unless the claim was presented in writing within sixty days after the message was filed with the company for transmission. It was pleaded that the agent of the defendant in taking the writing and pasting it on the telegraph blank was *quod ad hoc* the agent of Steenbergen, and that therefore Steenbergen became bound by the stipulation. It was set up further that Steenbergen failed to file with the company a claim for damages in writing within sixty days from

December 19th. To this paragraph of the answer the court sustained a demurrer. It is respectfully submitted that in thus ruling the court erred.

H. W. RIVES FOR APPELLEE.

Against the points of law relied on for reversal counsel made the following citations: Chapman v. W. U. T. Co., 90 Ky., 265; W. U. T. Co. v. Broesche, 13 Am. St. Rep., 843; Young v. W. U. T. Co., 22 Am. St. Rep., 883; Thompson v. W. U. T. Co., 107 N. C., 449; Scott v. Home Ins. Co., 53 Wis, 238; Lane v. Boston & Albany R. R. Co., 112 Mass., 455; Morse v. Conn. River R. R. Co., 6 Gray (Mass.), 450; Ins. Co. v. Woodruff, 2 Dutch. (N. J.), 541; Cleveland, &c., R. R. Co. v. Glosser, 22 Am. St. Rep., 607; Hartford, L. & An. Ins. Co. v. Hayden's admr., 90 Ky., 39.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee, Steinbergen, the father-in-law of one Tate Davidson, sent a telegram directing the latter to "come at once, your mother [meaning mother-in-law] can not live;" and because this message was not delivered in time for Davidson to attend the mother-in-law at her last moments the father-in-law (appellee) brought this action against the telegraph company, and has recovered damages for injured feelings and mental anguish in the sum of $400. It is insisted for the company that, even in the courts of those States where mental anguish can be made the basis of recovery, the rule has never been extended beyond nearest degrees of blood relationship.

This contention seems to be supported by the authorities.

Certainly no legal presumption of such affection arises as will warrant a recovery for mental anguish, except in cases of such relationship.

Thus, in Telegraph Co. v. Coffin (Tex. Sup.) [30 S. W., $96], a recovery was denied to a *brother-in-law*; in Same v. McMillan (Tex. Civ. App.), Id., 298; to a *sister-in-law*; in Same v. Garrett (Tex. Civ. App.) [34 S. W., 649], to a

*stepson*; and in Same v. Gibson (Tex. Civ. App.), [39 S. W., 198], to a *son-in-law*.

A recovery must be denied, therefore, to a father-in-law because of the absence of his son-in-law at the death of the mother-in-law.

Again, the office hours of the company where the message was to be delivered to the sendee were from 7 o'clock a. m. to the same hour in the evening, and the message in question, having been received during the night of the 19th, need not have been delivered until within a reasonable time after 7 o'clock on the morning of the 20th.

This principle was announced in the case just decided by this court of Western Union Telegraph Co. v. Van Cleave (January 3, 1900), [54 S. W., 827].

The instructions of the court should, therefore, have confined the jury to a consideration of the question of negligence, if any there was, in the delivery of the message after 7 o'clock on the morning of the 20th.

It may be observed further that the proof conduces to show almost overwhelmingly that, had the son-in-law received the message on the night of the 19th, he would not have gone to his mother-in-law. After receiving the message on the morning of the 20th, he made no effort to go to her either that day or any succeeding day, and remained in ignorance of her death, which occurred on the 20th, without effort, by mail or otherwise, to learn the facts, until he learned casually of her death some eight or ten days thereafter. Wherefore the judgment is reversed for proceedings not inconsistent herewith.