CASE 81—ACTION FOR DAMAGES FOR DELAY IN DELIVERING
TELEGRAM.—JAN. 11.

107   513
f120_198

107   513
130   205

# Western Union Telegraph Company v. Fisher.

APPEAL FROM SIMPSON CIRCUIT COURT.

1. DAMAGES—MENTAL ANGUISH AS AN ELEMENT.—Mental anguish
caused by failure to deliver a telegram promptly whereby the
person to whom it was addressed missed the opportunity of
being present at his daughter's death-bed, is a proper element
of damages.

2. SAME—EXCESSIVE.—In such an action $300 can not be held ex-
cessive.

RICHARDS, BASKIN & RONALD FOR APPELLANT. (GEORGE H.
FEARONS OF COUNSEL.)

Damages are not recoverable where the only ground is men-
tal suffering, occasioned by the breach of a contract to promptly
transmit and deliver a telegram. Crawson v. W. U. Tel. Co., 47 Fed.
Rep., 544; Chase v. W. U. Tel. Co., 44 Fed. Rep., 554; Cobb
v. W. U. Tel. Co., U. S. Dist Ct., Kansas, 1883; Gagan v. W. U.
Tel. Co., 59 Fed. Rep., 433; Rulmer v. W. U. Tel. Co., 37 Pac.
Rep., 1087; Kester v. W. U. Tel. Co., 55 Fed. Rep., 603; Wood
v. W. U. Tel. Co., 57 Fed. Rep., 471; Wilcox v. R. & D. R.
R. Co., 52 Fed. Rep., 471; Tyler v. W. U. Tel. Co., 54 Fed.
Rep., 634; Kennon v. Gilmer, 131 U. S., 22; Munro v. Dredg-
ing Co., 84 Cal., 515; Morgan v. So. Pac. R. R. Co., 95 Cal., 510;
Anderson v. Taylor, 56 Cal., 131; Masters v. Warren, 27 Conn.,
293; Russell v. W. U. Tel. Co., 3 Dak., 315; R. R. Co. v. Randall,
85 Ga., 293; R. R. Co. v. Senn, 73 Ga., 712; I. & St. L. Ry.
Co. v. Stables, 62 Ill., 313; Frees v. Tripp, 70 Ill., 456; Meidel
v. Anthias, 71 Ill., 241; Logan v. W. U. Tel. Co., 84 Ill., 468;
Jock v. Dankwardt, 85 Ill., 331; R. R. Co. v. Martin, 111 Ill.,
219; Chicago v. McLean, 133 Ill., 148; Paine v. C. R. I. &
P. Ry. Co., 45 Iowa, 569; Parkhurst v. Mastellor, 57 Iowa, 474;
Ferguson v. Davis Co., 57 Ia., 601; W. U. Tel. Co. v. Howell,
38 Kas., 635; West v. W. U. Tel. Co., 39 Kas., 93; City of
Salina v. Trosper, 27 Kas., 544; Black v. R. R. Co., 10 La. An.,
33; Smith v. Grant, 56 Me., 255; Cunning v. Williamstown, 1
Cush, 451; Stowe v. Haywood, 7 Allen, 118; Davidson v. Nich-

[ 33 ]

olas, 11 Allen, 514; Hyatt v. Adams, 16 Mich., 180; Clinton v. Lansing, 61 Mich., 355; Stone v. Evans, 32 Minn., 343; Keys v. Ry. Co., 36 Minn., 290; Hutchins v. Ry. Co., 44 Minn., 5; Purcell v. St. Paul R. R. Co., 50 N. W. R., 1034; Gunderson v. Ele. Co., 47 Minn., 161; Dorrah v. Ill Cent. Ry. Co., 65 Miss., 14; Spohn v. Mo. Pac. R. R., 22 S. W. R., 691; Newman v. W. U. Tel. Co., 54 Mo. App., 434; Kinnealy v. St L. Ry. Co., 69 Mo., 658; Trigg v. St. L. Ry. Co., 74 Mo., 147; Nagle v. R. R. Co., 75 Mo., 653; Burnett v. W. U. Tel. Co., 39 Mo. App., 610; Johnson v. Wells, Fargo & Co., 6 Nev., 224; Telfer v. Ry. Co., 30 N. J. L., 138; Terwiliger v. Wands, 17 N. Y., 54; Lehman v. R. R. Co., 47 Hun, 355; Ewing v. Railway Co., 147 Pa. St., 40; Penn. R. R. Co. v. Zebe, 33 Pa. St., 318; Penn. R. R. Co. v. Vandevere, 36 Pa. St., 298; Huntington v. Decker, 84 Pa. St., 419; Lehigh Iron Co. v. Rupp, 100 Pa. St., 95; Fox v. Borkey, 126 Pa. St., 164; R. R. Co. v. Stevens, 9 Heisk., 12; Webb v. R. R. Co., 14 Am. & Eng. R. R. Cases, 189; Bovee v. Danville, 53 Vt., 183; R. R. Co. v. Norment, 84 Va., 167; Stewart v. City of Ripon, 88 Wis., 584; Oliver v. LaValle, 36 Wis., 598; Walsh v. R. R. Co., 42 Wis., 23; Fenelon v. Butts, 53 Wis., 344; Brown v. Ry., 54 Wis., 351; Allsop v. Allsop, 5 Hurl. & N., 534; Bigelow's Leading Cases on Torts, 619-621, sec. 19; Field on Damages, sec. 39; Wood's Mayne on Damages, 74; Wharton on Neg., secs. 339, 435, 756; Sutherland on Damages, 1 vol., 156, 732; Pierce on Railroads, 302; Sedgwick on Damages (7th ed.), 1 vol., 29, note A; Greenleaf, 2d vol., sec. 267; 2 Kent's Com., 195; Gray on Communications by Telegram, 147; Cooley on Torts (ed. 1879), p. 271.

WALKER & HARRIS on the same side.

The hurt to the plaintiff's feelings is not a basis of recovery. Croswell on Electricity, p. 543, sec. 633; Kunning v. Williamstown, 10 Cush., 452; Wilcox v. R. R. Co., 52 Fed. Rep., 264; Masters v. Warren, 27 Conn., 293; Stewart v. Ripon, 38 Wis., 584; Trigg v. Ry. Co., 74 Mo., 147; Newman v. W. U. Tel. Co., 54 Mo. App., 434.

GOODNIGHT & ROARK and G. T. FINN for appellee.

1. The damages were not excessive.
2. The verdict was sustained by the evidence.
3. The court did not err in the instructions. Instruction "A," refused by the court on the subject of mental suffering, was properly refused. Shearman & Redf. on Neg., ——; Stewart v. W. U. Tel. Co., 38 Wis., 534; Chapman v. W. U. Tel. Co., 12 Ky. Law Rep., 267; 2 Amer. Neg. Reps., 486.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee, a colored preacher, was engaged in pastoral work at Trenton, Kentucky, His family lived at Franklin, Kentucky, some seventy-five miles distant, where he visited every few weeks. One of his children (a daughter) was delicate, and on April 7, 1896, the wife of appellee, through a friend (one Goodloe), delivered to the agent of the appellant company at Franklin, the following message: "Franklin, Ky., April 7, '96. To G. M. Fisher, Trenton, Ky.: Come at once. Your child very sick. [Signed] G. S. Goodloe."

According to the testimony of the agent, the message was received by him at 5:30 o'clock in the evening, but according to the witness Goodloe, who states that he made note of the time, it was delivered to the agent at four o'clock, or a little after. It was received by the appellee on the next morning (the 8th) at 9:15 o'clock. His child died in the afternoon of the 8th, and, on account of the delay in the delivery of the message, the appellee, as he avers, was deprived of seeing her alive. A train left Trenton at 6:04 p. m., and it is claimed by the appellee in his petition that, had there been a reasonably prompt delivery of the message to him, he would have reached his home that night, and been with his daughter until her death, the next afternoon.

There was a denial of all the averments of the petition indicating negligence, and pleas by the company in effect exculpating it from all blame. The only material issue of fact is with respect to the time at which Goodloe delivered the message for transmission. If it was in fact received by the agent at 5:30 o'clock in the afternoon, the proof of the company conduces to show that it was forwarded with reasonable promptness, and the

cause of its nondelivery until the morning of the 8th is explained by the fact that the Trenton office closes for general delivery of messages at a few minutes after six o'clock, or as soon as the 6:04 train passes that point. But, if the message was delivered to the Franklin agent at four o'clock, or a few minutes later, then the delay is unexplained, and there is a clear case of negligence, even conceding that the Trenton office could properly close at 6:04 o'clock. This view of the case was fairly presented in the instructions. The court told the jury that the company had the right to establish any reasonable rules for the conduct of its business at any office, and fix the time and hours of service for opening and closing its office at any place; and, when the delay in delivering a message was caused by such closing at the terminal office, then such delay was not to render the company liable for damages for nondelivery. This instruction was certainly quite as favorable to the company as it could ask. Looking to the proof and the instructions as a whole, we think it manifest that the jury found for the plaintiff because they accepted the statement of Goodloe as to the time when the message was received for transmission at Franklin. The amount of the finding—$300—is not excessive.

The right of recovery for mental anguish in cases of this kind, announced in this State first in the Chapman Case, 90 Ky., 265, [13 S. W., 880], has been reaffirmed by this court in several recent cases. W. U. Telegraph Co. v. Van Cleave, p. 464 of this volume, [54 S. W., 827].

The judgment is affirmed.