Case 25.—ACTION BY MOLLIE THOMAS AGAINST THE WESTERN UNION TELEGRAPH CO. FOR DAMAGES FOR FAILING TO DELIVER TELEGRAM.—March 21.

## Thomas v. Western Union Telegraph Company.

Appeal from Hickman Circuit Court.

R. J. BUGG, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

Telegrams—Death Message—Delay in Delivery — Negligence — Question for Jury—Damages—Mental Anguish—Construction of Message.

1. Telegrams—Death Message—Plaintiff's brother sent her two telegrams within a few hours of each other; the first notifying her that their father was dead, and of the purpose of burying the remains at a place near where the sister resided and the second notifying her of the abandonment of the plan to bury at that place, and requesting her to answer as to whether she could come to the

Thomas v. Western Union Telegraph Company.

place where her father's remains were. Held—That the two telegrams should be construed together, and it was error to strike out the second telegram from the plaintiff's pleadings in an action by plaintiff for damages for failure to promptly deliver the messages.

2. Delay in Delivery—Negligence—Question for Jury—In an action against a telegraph company for failure to promptly deliver telegrams concerning the death of her father, evidence examined, and whether defendant was guilty of negligence held a question for the jury.

3. Damages — Mental Anguish — Construction of Messages — A daughter is entitled to damages for injury to her feelings and grief in not being permitted to see her father's remains before burial, by the negligence of a telegraph company in failing to promptly deliver a message announcing his death.

BULLOCK & SMITH for appellants.

## CLASSIFICATION OF QUESTIONS DISCUSSED.

1. Error of the court in sustaining motion made by attorney for appellee (defendant in court below) to strike words from petition.

2. Error of the court at the conclusion of the plaintiff's evidence in giving to the jury instruction marked "A."

3. The appellee, the Western Union Telegraph Company, is liable in damages for failing to deliver a telegram within a reasonable time after its reception by the company.

4. A delay of 28 hours is an unreasonable delay in delivering a telegram as in this case.

5. The appellant is entitled to recover damages for injuries to feeling, and mental anguish for failing to deliver a message in a reasonable time after the reception of the telegram, announcing the death of her father.

## AUTHORITIES CITED.

W. U. Tel. Co. v. Fisher, 54 S. W., 830; W. U. Tel Co. v. Mathews, 67 S. W., 849; W. U. Tel. Co. v. Gross' Adm'r, 74 S. W., 1098; Chapman v. W. U. Tel. Co., 13 S. W. 880; W. U. Tel. Co. v. Davidson, 21 Ky. Law Rep., 1293; 21 Ky. Law Rep., 1405; 90 Ky., 265; 25 Ky. Law Rep., 268, 646; 22 Ky. Law Rep., 53.

RICHARDS & RONALD for appellee.

1. We contend there can be no recovery for mental anguish for being deprived of attendance for any specific time on the body of a dead relative by one who arrived in time and was actually present at the funeral and interment.

2. The damages sought to be recovered were not, and could not, reasonably have been expected to be in contemplation by the parties at the time the contract was made. They are two remote, and a recovery therefor should not be permitted.

3. Plaintiff's own proof shows tnat she was guilty of contributory negligence, in that she failed to take any steps to minimize her injuries or damages, and if she had done so she would have suffered no injury whatever.

### AUTHORITIES CITED.

Robinson v. W. U. Tel. Co., 24 Ky. Law Rep., 452; Hadley v. Baxindate, 9 .Exc., 341; W. U. Tel. Co. v. VanCleave, 21 Ky. Law Rep., 53; Taliferro v. W. U. Tel. Co., 21 Ky. Law Rep., 1290; W. U. Tel Co. v. Mathews, 67 S. W., 849.

OPINION BY JUDGE NUNN—Reversing.

The appellant instituted this action against the appellee for $1,000 in damages for its negligence in failing, by its servants and agents, to deliver to her in a reasonable time two telegrams sent to her by her brother from Poplar Bluff, Mo., and addressed to her at Clinton, Ky. The telegrams are as follows: "To Mollie Thomas in country, Clinton, Ky.: Father is dead. Send me what money you have, meet me at Oakton." This telegram was received at the Clinton office at 11:14 a. m. November 3, 1903. In about three hours after this, the. following was received: "To Mollie Thomas in country, Clinton, Ky.: Under the changes in the law, we can't come, so please answer whether you can come." Appellant received these telegrams at the same time—about 6 o'clock p. m. on the 4th—and she immediately went to the telegraph office, and telegraphed her brother to hold the corpse until she arrived. She took the first train, and went the quickest route, and arrived at Poplar Bluff about 9 o'clock on the evening of the 5th. The corpse had not been buried, but it was in such a state of decomposition that it was impossible for her to see it, and this was occasioned by reason of the failure of appel-

lee to deliver her the telegrams with reasonable dili-
gence. The appellant at that time resided about two
miles from the city of Clinton, and it appears, without
contradiction, that her brother so informed appellee's
agent at Poplar Bluff of this fact at the time the
telegrams were sent, and paid him the messenger's
fees, in addition to the cost of the telegrams, to in-
sure their prompt delivery. The messages them-
selves corroborate this, by being addressed to her as
in the country. It also appears that appellant was
well known in the town of Clinton and vicinity, and
also that the messages were never delivered by a
messenger, but were given to one of her neighbors who
happened to be in Clinton on the morning of the 4th.
When this neighbor took the telegrams, he informed
the agent of appellee that he was not going home un-
til night, and that he would not deliver them until
that time. On motion of appellee, the lower court
struck out of the pleadings the second telegram and all
the allegations with reference thereto, and, after the
evidence of appellant was heard, sustained appellee's
motion for a peremptory instruction, and she has ap-
pealed.

It appears from the proof that it was the intention
of her brother in Poplar Bluff to prepare the body
and ship it to Oakton, Ky., for burial, and this was the
reason he called upon her for what money she had.
But he soon after ascertained that under the laws
of that State the body had to be embalmed before it
could be shipped, and that the embalment would cost
$60 or $65. After having waited for about three
hours, and not having heard from his sister, he
changed his mind, and concluded to bury the body at
Popular Bluff, and hence sent the second telegram.
Appellant testified that she had sufficient money for
the purpose, and would have sent it if she had received

the first telegram before receiving the second. We are of the opinion that the lower court erred in striking out the second telegram and the pleadings and proof with reference thereto, and also erred in giving the peremptory instruction to find for appellee. These two telegrams should be construed together. They were received by appellee's agent at Clinton within a few hours of each other. The first notified appellant that her father was dead, and the purpose to bury him at Oakton, near her. The second notified her of the abandonment of the purpose to bury him at Oakton, and requested her to answer as to whether she could come to Poplar Bluff. These two telegrams meant: "Father is dead. Can you come? Answer." Appellee's agent who received them must have so understood them. It is shown that appellant so understood them, for she went that night after receiving them to appellee's office, and telegraphed her brother that she was coming, and not to bury the corpse.

It appears that appellant was delayed 26 hours in getting to the place where her father's corpse lay, by reason of the negligence of appellee in failing to deliver these telegrams, although it had been paid messenger's fees for prompt delivery, and that, by reason of its failure to deliver them with diligence, she was prevented from seeing him. This court, in the cases of this appellee v. Fisher, 107 Ky., 513, 54 S. W., 830, 21 Ky. Law Rep., 1293; Same v. Mathews, 107 Ky., 663, 55 S. W., 427, 21 Ky. Law Rep., 1405; Same v. Vancleave, 107 Ky., 464, 54 S. W., 827, 22 Ky. Law Rep., 53, and Chapman v. this appellee, 90 Ky., 265, 12 Ky. Law Rep., 65, 13 S. W., 880, announced the principle that a party could recover against a telegraph company for injured feelings in failing to get to a relative before death or before burial, pro-

vided such failure was caused by the negligent failure of the telegraph company to deliver the messages with reasonable diligence. If a recovery in such cases can be had, we can see no reason why the appellant should not be permitted to recover in this case for injury to feelings and grief in not being permitted to see her father before his burial. If there is any difference between this and the cases referred to, it is only in degree.

Wherefore the judgment of the lower court is reversed, and the cause remanded for further proceedings, consistent herewith.

Judges BARKER and SETTLE, dissent. Judge CANTRILL, absent.