CASE 26.—ACTION BY COLUMBUS LEE AGAINST THE WESTERN UNION TELEGRAPH COMPANY FOR FAILURE TO DELIVER A DEATH TELEGRAM.—November 5.

# Lee v. Western Union Teleg. Co.

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendant. Plaintiff appeals.—Affirmed.

Telegraphs and Telephones—Failure to Deliver Messages—Damages—Relationship Between Parties.—Damages for mental anguish for failure of a telegraph company to send or deliver a telegram announcing the sickness or death of a relative cannot be recovered, unless the relationship between the parties is that of parent and child, husband and wife, sister and brother, or grandparent and grandchild.

VIRGIL P. SMITH for appellant.

1. In the case of Randall v. Western Union Tel. Co., Vol. 32 Ky. Law Rep. this court said. "This court is committed to the doctrine that a Telegraph Company is answerable in damages for mental suffering caused by its failure to deliver a social message by reason of which the person addressed is prevented from attending at the bedside or the funeral of a near relative."

2. We submit that an aunt if a near relative and a recovery should be had under the allegations of the petition, which are

Lee v. Western Union Telegraph Co.

taken as true, preventing appellant from being at the funeral of his aunt.

O. H. WADDLE & SON for appellee.

GEO. H. FEARINS of counsel.

### POINTS AND AUTHORITIES.

The doctrine is now thoroughly established in Kentucky that a recovery for mental anguish against a telegraph company for failure to deliver a telegram that prevents the sender or person addressed, from attending at the bedside, at the death of or at the funeral of a relative, will be restricted to those of the first degree of relationship. (Western Union Tel. Co. v. Steenbergen, 107 Ky., 469; Robinson v. Western Union Tel. Co., 24 Ky. Law Rep., 52; Denham v. Western. Union Tel. Co., 27 Ky. Law Rep., 999; Randall v. Western Union Tel. Co., 32. Ky. Law Rep., 859.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was brought by the appellant to recover damages from the appellee company, growing out of its failure to deliver within a reasonable time a message notifying him that his aunt was dead. A demurrer was sustained to the petition upon the ground that the relationship between the deceased and the addressee in the telegram was not within the degree that entitled him to recover damages for mental anguish in being prevented by the negligence of the company from attending the burial and funeral of his aunt.

The question involved in this case has heretofore been considered by this court. In Denham v. Western Union Tel. Co., 87 S. W. 788, 27 Ky. Law Rep. 999, a recovery was sought by an aunt because of the failure of the company to deliver a telegram to the parents of her nephew, notifying them of his injury and death, by reason of which she was compelled to keep the

body two days and nights, during which time she suf-
fered great mental anguish. In rejecting her right
to maintain the action, the court said: "Even if such
an action could have been maintained for mental
anguish by a near-degree relative on the averments of
the petition, still the appellant is not entitled to
recover, because she did not sustain that relation-
ship." In Robinson v. Western Union Tel. Co., 68
S. W. 656, 24 Ky. Law Rep. 452, 57 L. R. A. 611, it is
said: "This court is committed to the doctrine that
a telegraph company is answerable in damages for
mental suffering caused by its failure to deliver a
social message, by reason of which the sender or per-
son addressed is prevented from attending at the
bedside, at the death, or at the funeral of a near rela-
tive. We have not applied the doctrine further than
to the class of cases referred to, and then the liability
has been restricted to those of the first degree of
relationship." In Western Union Telegraph Com-
pany v. Steenbergen, 107 Ky. 469, 54 S. W. 829, 21
Ky. Law Rep. 1289, the delayed telegram was sent
by the father-in-law, Steenbergen, announcing the
death of the addressee's mother-in-law; but the court
held that the degree of relationship was too remote to
authorize a recovery, saying: "It is insisted for the
company that, even in the courts of those States
where mental anguish can be made the basis of a
recovery, the rule has never been extended beyond
the nearest degree of blood relationship. This conten-
tion seems to be supported by the authorities. Cer-
tainly no legal presumption of such affection arises
as will warrant a recovery for mental anguish, except
in cases of such relationship." In Western Union
Telegraph Company v. Van Cleave, 107 Ky. 464, 22
Ky. Law Rep. 53, 54 S. W. 827, 92 Am. St. Rep. 366, a

recovery was held allowable where the relationship of brothers existed, and so in Western Union Telegraph Company v. Lacer, 122 Ky. 839, 29 Ky. Law Rep. 378, 93 S. W. 34, 5 L. R. A. (N. S.) 751, 121 Am. St. Rep. 502, and Western Union Telegraph Company v. Caldwell, 126 Ky. 42, 102 S. W. 840, 31 Ky. Law Rep. 497, 12 L. R. A. (N. S.) 748. In Western Union Telegraph Co. v. Fisher, 107 Ky. 830, 21 Ky. Law Rep. 1293, 54 S. W. 830, a father was held entitled to recover for the delay in sending a telegram announcing the illness of his child. To the same effect is Thomas v. Western Union Telegraph Company, 120 Ky. 194, 25 Ky. Law Rep. 569, 85 S. W. 760, and Taylor v. Western Union Telegraph Company, 101 S. W. 969, 31 Ky. Law Rep. 240.

In the recent case of Randall v. Western Union Telegraph Company, 107 S. W. 235, 32 Ky. Law Rep. 859, the principle announced in the foregoing cases was approved. So that it may be considered as the settled doctrine in this State that in cases of this character, where damages are sought for the failure to send or deliver a telegram announcing the sickness or death of a relative, a recovery can not be had unless the relationship between the parties is that of parent and child, husband and wife, sister and brother, or grandparent and grandchild. This rule may be considered, and indeed it is, arbitrary; but the peculiar and speculative nature of the doctrine upon which the right of recovery rests in cases of this character makes it necessary that there should be limitations placed upon it. It must be conceded that the restrictions we have placed on the right of recovery are not satisfactory. Often persons further removed in kinship and relationship than those we have enumerated would suffer greater mental anguish at being pre-

vented from attending the bedside of a sick or burial of a deceased friend or relative than would a sister or brother. But, as the line must be drawn somewhere, it seems appropriate to put it at the point where the parties are united by close blood relation or marriage ties.

Wherefore the judgment of the lower court is affirmed.