WESTERN UNION TELEGRAPH COMPANY V. C. S. KIRKPATRICK.

No. 2828.

1.  **Telegram.**—A telegraphic dispatch as follows, "C. S. Kirkpatrick, Highland Station: Come on first train; bring Ferdinand; his father is very low," signed "Jerry Lordon," and sent from Galveston, did not apprise the telegraph company either that plaintiff had a wife, or that she was at Highland Station, or that the object of the communication was to afford information upon which she was expected to act.

2.  **Same—Notice.**—That the agent of the telegraph company at Highland knew the wife and her father, about whose sickness the dispatch was sent. did not charge the company with notice that the wife's presence at Galveston was invited by it.

3.  **Cases Limited.**—It was not the purpose of the court in the recent cases (Telegraph Company v. Adams, Id. v. Feegles, Id. v. Moore) to depart from the ruling that in these actions only such damages are recoverable as were in contemplation of the parties at the time the contract was made. .

APPEAL from Galveston.   Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Stemmons & Field,* for appellant.

*Wheeler & Rhodes,* for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellant damages for mental suffering of appellee's wife, alleged to have resulted from a failure to deliver according to contract a telegraphic message. The plaintiff resided with his wife at Highland, and his wife's father was upon his death bed in Galveston. Jerry Lordon, a relative of the family, delivered to the agent of the defendant company in Galveston a message for transmission to plaintiff, which read as follows:

"*C. S. Kirkpatrick, Highland Station:*

"Come on first train. Bring Ferdinand. His father very low.
[Signed]                                    "JERRY LORDON."

The message was received for transmission between 5 and 6 o'clock in the evening, but was not delivered until a quarter before 10 o'clock at night. The wife of plaintiff was at his residence at Highland, and it is claimed was prevented by the delay in the delivery of the message from being with her father in his last moments. As plaintiff claims, the message was delivered too late to take the evening train to Galveston, and that but for the delay the wife would have taken that train and would have gone at once to the bedside of her father. After the receipt of the message she took the next morning train, but arrived in Galveston after her father's death.

In the cases of the Western Union Telegraph Company v. Adams, 75 Texas, 531, and of the Western Union Telegraph Company v. Feegles, 75 Texas, 537, we held that in telegraph messages conveying information of sickness and death, if the language was sufficient to suggest that a near relationship existed between the person mentioned in the message and the person addressed, and that the object of the communication was to afford the latter the opportunity of going to his relative, that it would be sufficient without further notice to render the company liable for damages for any mental suffering that should result to him from his being deprived of the consolation which his visit would have afforded, provided the negligence of the company in failing to make a prompt delivery was the cause of the injury. That case has been followed at the present term. W. U. Tel. Co. v. Moore, *ante*, 66.

It was not the purpose of the court in the cases cited to depart from the ruling that in these actions only such damages are recoverable as were in contemplation of the parties at the time the contract was made. We held merely that from the face of the messages in those cases the company was to be presumed to have contemplated the damages which were claimed to have resulted from the breach of the contract of delivery. That rule can not be applied in the case before us. There is nothing upon the face of the message under consideration to apprise the company either that plaintiff had a wife, or that she was at Highland Station, or

that the object of the communication was to afford information upon which she was expected to act.

There was no evidence that any extrinsic notice was given to the agent who received the message for transmission and who made the contract on behalf of the company. In order to surmount the difficulty of a want of notice to the contracting agent of the alleged object of the message, it was alleged, and proof was offered to show that the agent at Highland was acquainted with the plaintiff and his wife, and knew that the message referred to her father. We need not decide whether or not notice at that end of the line would be sufficient, for should we hold the affirmative of that question, we should still be bound to decide that the facts known to the agent at Highland would not affect the case, because the message does not indicate that it was expected that Mrs. Kirkpatrick should go to Galveston as the result of the information conveyed. There is nothing in the language to show that it was intended for the wife's benefit, or that necessarily suggested this to the agent, although he may have known both the lady and her father. The message suggests only that it was sent for the benefit of the person addressed and of "Ferdinand," who was shown to be the brother-in-law of the plaintiff, and the agent knew nothing bearing upon the case except that the plaintiff had a wife and that the information related to her father.

It follows from what has been said that we are of opinion that appellant's assignments of error are well taken. The petition sought expressly to recover for the injury done to the wife only, and failed to show a state of facts from which it could be legally inferred that damages to her feelings were in contemplation of the parties at the time the contract was made. The charges requested which also presented this view of the law of the case should have been given.

For the errors pointed out by the appellant's assignments, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 14, 1890.