CASE 82—ACTION FOR DAMAGES FOR DELAY IN DELIVERING
TELEGRAM—JAN. 12.

# Morrow, Etc. v. Western Union Telegraph Co.

### APPEAL FROM SHELBY CIRCUIT COURT.

PARTIES—ACTION FOR FAILURE TO DELIVER TELEGRAM.—A wife can
not recover against a telegraph company for mental suffering
caused by failure to deliver a telegram to her husband announc-
ing the death of the wife's grandmother, whereby the wife was
prevented from attending the funeral, no notice appearing that
the purpose of the telegram was to bring her to the funeral.

G. G. GILBERT FOR APPELLANTS.

1. By section 199 of the new Constitution telegraph companies are
made common carriers. See also Parks v. Alta, &c., Tel. Co.,
13 Cal., 422; 73 Am. Dec., 589.
2. The case of Western Union Tel. Co. v. Brown, 71 Tex., 723, hold-
ing that relationship of the decedent to the person for whom
the message was intended should be disclosed on the face of
the message, has been repeatedly overruled. W. U. Tel. Co.
v. Carter, 85 Tex., 580. .
3. On recovery for mental suffering. Chapman v. W. U. Tel. Co.,
90 Ky., 265.
4. The receiver or person to whom the message is addressed may
sue for damages in this country, although the rule is different
in England. 2d Am. & Eng. Corp. Cas., 185; 7 Am. St. Rep.,
530. Any person for whose use a contract is made may sue for
a breach of contract although he is not a party to it. 93 U. S.
Reps., 143; 59 Am. Rep., 541; 36 Kas., 246.
5. The message in this case showed on its face the importance of
its immediate delivery. 21 Am. & Eng. Ry. Case, 100.
6. On recovery by the wife where the message was sent to the hus-
band. 20 Am. & Eng. Corp. Cas., 594; Young v. W. U. Tel. Co.,
107 N. C., 370; 35 Am. & Eng. Corp. Cas., 60.
7. The statements of the operator are admissible against the com-
pany. W. U. Tel. Co. v. Bennett, 1 Tex. Civil App., 558.
8. The affection entertained for the deceased by the appellant is a
proper subject of inquiry. W. U. Tel. Co. v. Lyden, 82 Tex.,
364.

RICHARDS, WEISSINGER & BASKIN FOR APPELLEE.

1. No motion for a new trial. Helm v. Coffey, 80 Ky., 176; Harper v.
    Harper, 10 Bush, 451; Western Assurance Co. v. Rector, 85 Ky.,
    294; Ruhrwein v. Gebhart, 90 Ky., 147.

2. The court properly sustained defendant's motion to cause plain-
    tiff to elect which of the two causes of action she would prosecute
    and plaintiff elected to prosecute in favor of the wife and so
    much of the petition as seeks to recover for the husband was
    stricken out.

3. The peremptory instruction was proper. Mrs. Morrow is not named
    in the dispatch and there was no notice to the company that it
    was important to her that the dispatch should be immediately
    delivered. The doctrine in the case of Chapman v. W. U. Tel.
    Co. (90 Ky., 265), that the receiver may sue upon the ground of
    contract has not been carried any farther. Thompson on Elec.,
    sec. ——; Wood v. W. U. Tel. Co., 57 Fed. Rep., 471.

4. The court should establish a rule that suit for grief should be
    confined to the first degree of relationship.

    This case was argued orally by A. E. RICHARDS and WM.
    WM. LINDSAY for appellee.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This action was brought by J. T. Morrow and his wife
for damages for mental anguish growing out of a failure
of appellant company to deliver promptly a telegraphic
message to the husband, whereby the wife was prevented
from attending the funeral and burial of her grand-
mother. On motion requiring the plaintiff to elect which
cause of action they would prosecute—that of the wife
or of the husband—they elected to proceed on behalf of the
wife and the case was so heard.

Upon the conclusion of the plaintiff's testimony, a per-
emptory instruction for the defendant was given, and, with-
out motion for a new trial, this appeal is prosecuted. The
pleadings authorize the judgment, and the motion for
the peremptory instruction furnished merely a test of
the law arising on the facts as disclosed by the proof.

We think, under the facts shown, the law is against the

plaintiff, and the instruction was properly given. The wife was not a party to the transaction or message, and there was neither averment nor proof that the message was sent with notice to the company, for the purpose of bringing her to the funeral and burial of her grandmother.

The other legal questions attempted to be raised on the briefs growing out of alleged errors on the trial can not be considered, for want of a motion for a new trial.

Judgment affirmed.