# Western Union Telegraph Co. *v.* Millsap.

*Action against Telegraph Company to recover Damages for failure to deliver Telegram.*

1. *Telegraph company; when company liable to sendee for failure to deliver telegram sent by another.*—A contract made for one by his agent inures to the benefit of the principal, and may be made the basis of a suit at law, though the fact of agency be not disclosed in the making of the contract; and, therefore, where one who is the agent of a sendee sends a telegraph message to the latter, in accordance with his instructions, the telegraph company is l.able to such sendee for failure to deliver the message so sent.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This was an action brought by the appellee, Miles V. Millsap, against the Western Union Telegraph Company, to recover damages alleged to have been suffered by the plaintiff, by reason of the failure of the defendant to deliver a telegraphic message. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered a judgment for the plaintiff, assessing the damages at $25.00. To the rendition of this judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GEORGE H. FEARONS and WALKER, TILLMAN, CAMPBELL & PORTER, for appellant, cited *Western Union Tel. Co. v. Adair*, 115 Ala. 441; *Lucas v. Southern R. R. Co.*, 122 Ala. 529.

JOHN D. STRANGE, *contra.*

SHARPE, J.—This action is for an alleged failure to deliver a message which at Birmingham, Ala., was given by Claude Millsapps to defendant to be telegraphed to plaintiff at Russellville, Ala. The message was in the following words: "Come at once. Have position for you. Answer when." The complaint avers in substance that in giving the message to defendant, Claude Millsapps acted for the benefit of and as the agent of the plaintiff. The evidence relating to the averred agency establishes the following facts: Plaintiff and Claude and Knox Millsapps were brothers. The former lived at Russellville and the two latter in Birmingham. Before the attempt at sending the message plaintiff had requested Claude and Knox to find employment for him in Birmingham, and told them to let him know when they found it and that he would come at once and take it. Thereafter Knox was informed of Mr. Cody's willingness to employ plaintiff in Birmingham and directed Claude to send the message referred to. Claude testified his family at home and Knox directed him to send the message, and that he paid for the sending with money not the plaintiff's. This evidence is sufficient to support the averment of agency. For though plaintiff did not supply the price of the telegram and did not expressly instruct the sending of a telegram, yet the subject matter of the request involving as it did a probable necessity for quick action on his part in learning of and in responding to the contemplated offer of employment was such as in connection with plaintiff's request to imply authority in each of his brothers to use the telegraph as a means of complying with that request. Claude's authority to act in the matter was equal to that of Knox, and the fact that he gave the message in the name of and in accordance with the immediate direction of Knox, is not inconsistent with the conclusion that he acted under the authority originally given him by the plaintiff, whose interest solely, it seems, was expected to be subserved.

A contract made for one by his agent inures to the benefit of the principal and may be made the basis of a

[Southern Railway Company v. Crowder.]

suit by the latter, though the fact of agency be not disclosed in the making of the contract.—*Bell v. Reynolds,* 78 Ala. 508; *McFadden & Bros. v. Henderson,* 128 Ala. 221; *City of Huntsville v. Huntsville Gas Co.,* 70 Ala. 190; Croswell on Electricity, § 455; Elwell's Evans on Agency, 524; Bish. Cont. 426; *Milikin v. Western Union Tel. Co.,* 110 N. Y. 403. There have been cases in this court, several of which involved contracts for telegraphic service wherein this principle has been opposed, but they have been overruled.

The assignments of error are not such as to raise the question of whether the judgment is excessive in amount.—2 Cyc. 998.

That there was a failure to deliver the message is a fact proven, and no attempt has been made to defend on any ground not disposed of by what we have said.

Affirmed.