CRANFORD v. TELEGRAPH CO.

(Filed April 18, 1905.)

*Telegrams—Delay in Delivery—Mental Anguish, When Not Recoverable.*

1. There can be no recovery of damages for delay in the transmission and delivery of a telegraph message, when it does not in any way appear that the plaintiff was an intended beneficiary of the message.

2. Where the husband received a message announcing the death of a grandchild, in time to take the train, the fact that his wife was prevented from doing so because she did not succeed in placing her children in the care of a neighbor was something not chargeable to any neglect of the telegraph company.

ACTION by N. P. Cranford and wife against the Western Union Telegraph Company, heard by *Judge Henry R. Bryan* and a jury at the February Term, 1905, of the Superior Court of DAVIDSON County. From judgment of non-suit, plaintiffs appealed.

*Emery E. Raper* for the plaintiffs.
*Walser & Walser; Manly & Hendren; F. H. Busbee & Son* for the defendant.

WALKER, J. Plaintiffs, N. P. Cranford and his wife M. C. Cranford, brought this action to recover damages for mental anguish of the feme plaintiff which they allege was caused by the negligence of the defendant in the transmission and delivery of a telegram in the following words:

"China Grave, June 18th, 1904.
N. P. Cranford,
    Lexington, N. C.
"May died today. Be buried tomorrow. A. L. Cranford."

CRANFORD v. TELEGRAPH CO.

A. L. Cranford is the son of the plaintiffs and May who is mentioned in the telegrom was the child of Mrs. Ludwick, who is the sister of A. L. Cranford and the daughter of the plaintiffs.

The message was filed with the operator of the defendant at China Grove between 7 and 8 o'clock p. m. and was delivered to N. P. Cranford at 6 o'clock the next morning. Plaintiffs live about one half of a mile from the depot at Lexington.   N. P. Cranford took the train that morning and arrived in time for the funeral, though he was not met at Glass, the nearest station on the defendant's line, and had to walk to the place of burial.   Mrs. Cranford did not go. She testified that she had several children, one of whom was afflicted, and that she could not get ready in time to take the train as she was unable to place her children in the care of any of her neighbors.   Plaintiffs' counsel did not claim any right to damages for N. P. Cranford but insisted that Mrs. Cranford was entitled to recover any damages she had suffered by reason of the defendant's negligent delay in sending and delivering the message.

The court, on motion of the defendant's counsel, directed judgment of non suit to be entered.   Plaintiffs excepted and appealed.

The face of the message before us did not inform the defendant that it was intended for the benefit of the feme plaintiff or that she had any interest in its prompt transmission and delivery.   It does not appear that the company was informed, either in terms or by the tenor of the message, that a failure to transmit and deliver it with promptness would result in damage to the feme plaintiff.   So far as the message discloses it was sent solely for the benefit of N. P. Cranford. The mere fact that he happened to be her husband does not give her any right to damages for the defendant's default to which she would not otherwise be entitled.   We do not hold that in order to recover damages for a breach of duty by the

defendant in transmitting and delivering a telegram, it is
necessary the interest of the plaintiff in the message should
appear on its face, because it is quite sufficient to sustain an
action against the defendant for any negligence in the per-
formance of its duty to sender or sendee, if it appears either
from the message itself or the fact is otherwise brought to the
knowledge of the company at the time it undertakes the ser-
vice in respect to which the default occurs.  This is enough to
apprise the defendant of the nature and extent of its liability
and the probable measure of damages in the particular case,
if it should fall short of performing its duty.  *Kennon v.
Telegraph Co.,* 126 N. C., 232; *Williams v. Tel. Co.,* 136 N.
C., 82.  But the interest of the plaintiff in the message must
in some way appear.

In our case there was nothing in the terms of the message
to inform the defendant that Mrs. Cranford had any interest
in it, or that it was sent for her use and benefit or that she
was expected to act upon it in any way or to direct her
movements by it, nor does it appear that any one of said facts
was brought to the attention of the company by the sender
at the time he filed the message for transmission, nor is it
shown that the defendant even knew that such a person as the
feme plaintiff existed.  Nor is there any evidence that the
message was in fact intended for the benefit of the feme
plaintiff.  The defect in the proof last mentioned is sufficient
of itself to defeat the plaintiff's recovery.  We do not mean
to say that any contractual relation should exist between the
plaintiff and the company, to give the former a cause of
action for a breach of duty by the latter, as it is not necessary
that we should so declare in this case, but what we do decide
is that there can be no recovery of damages for delay in trans-
mission and delivery, when it does not in any way appear
that the plaintiff was an intended beneficiary of the message.
We could not well hold otherwise without subjecting the
defendant to liability for damages alleged to have been

sustained by those who are strangers to its contracts and to whom it owed no duty whatever. The mental anguish suffered by the feme plaintiff cannot, under the facts and circumstances of this case, be traced to any wrong committed by the defendant. There is no causal connection between the breach of the duty owed by the defendant to N. P. Cranford and the anguish of his wife, which resulted from her failure to be present at the funeral of her grandchild and for it, therefore, the law awards no compensation. It is not every one incidentally suffering a loss from the negligence of another, who can maintain an action upon that ground. It has been said that there would be no bounds to litigation if the ill effects of the negligence of men may be followed down the chain of results to their final attenuated effect. 9 Cyc. 372. See also 7 Am. & Eng. Enc. (2 Ed.) 110. The plaintiff's counsel cited *Cashion v. Tel. Co.,* 123 N. C., 267 (same case 124 N. C., 459) and *Landie v. Tel. Co.,* 124 N. C., 528 as authorities sustaining his contention. In each of those cases we need only say, without discussing the principle upon which they rest, there was abundant evidence to show that the message was sent for the benefit of the plaintiff, the sender merely acting as her agent, while in this case there is no such evidence.

We are unable to see that the defendant owed Mrs. Canford any duty in respect to the message in question for a breach of which she can recover damages.

But apart from these considerations, it appears that her husband received the message in time to take the train. The fact that she was prevented from doing so because she did not succeed in placing her children in the care of her neighbor was something not chargeable to any neglect of the defendant and for which it should not be held liable in damages.

We do not think the plaintiff made out a case in any view of the evidence and the court was right in dismissing her action.

No Error.