CLARK, C. J., dissenting.
This action was instituted by the plaintiff to recover damages for mental anguish on account of the failure of the defendant to promptly deliver to his son-in-law, at Charlotte, N.C. a message which the *Page 302 
plaintiff had sent through John Helms from Pineville, N.C. in the following words:
"WILL HELMS, Charlotte, N.C.
"Mother very sick. Come at once.
"JOHN HELMS."
From verdict and judgment rendered, defendant appealed.
The exceptions of the defendant to the evidence and to the charge of the Court raise two questions for our consideration: 1. Is there any evidence which charges the defendant with knowledge that John Helms filed the telegram as the agent of and for the benefit of his father, M. A. Helms? 2. Can this plaintiff sustain an action for damages for mental anguish without proving such fact?
As to the first contention of the defendant, we think the evidence tends to prove that John Helms, twenty-six years old, and the son of M. A. Helms, filed the telegram with the operator at Pineville; that the operator asked for the number and street of the sendee; that John Helms said he did not know it; that the operator said he could not send the message until he got the address; that John Helms went back to his father and got the address; that he told the operator that his father knew the street number; that the operator knew John Helms and also knew the plaintiff; that John Helms told the operator that the sendee, Will Helms, was his brother-in-law, and that the plaintiff sent John Helms to send the message and gave him the money to pay for it, but John Helms failed to so inform the operator.
We think there is nothing in the evidence which could reasonably charge the defendant with knowledge that the plaintiff was the real beneficiary and that his son was acting as his agent in sending the message. There is nothing in the evidence or on the face of the message which charges the defendant with notice that M. A. Helms, the plaintiff, may suffer mental anguish if the telegram is unreasonably delayed. Tel. Co. v. Kirkpatrick,76 Tex. 217.
As to the second contention we are likewise of opinion with the defendant. The overwhelming weight of authority is to the effect that a party who is not mentioned in a message or whose interest therein (388) is not communicated to the company cannot recover substantial damages for mental anguish. Squire v. Tel. Co., 98 Mass. 237;Tel. Co. v. Proctor, 25 S.W. Rep., 813; R. R. v. Seals, 41 S.W. 841; Elliott v. Tel. Co., 75 Tex. 18[75 Tex. 18];Tel. Co. v. Brown, 71 Tex. 723. *Page 303 
This doctrine is nowhere more emphatically declared than by the Supreme Court of Texas, where the doctrine of mental anguish is supposed to have originated. In Tel. Co. v. Gotcher, 53 S.W. 685, that Court affirmed its former ruling to the effect that a party whose interest in the telegram was not made known to the company could not recover. There appears in this opinion the significant statement by the Court that the Court had "already expressed its disinclination to extend the right of recovery in this class of cases beyond the limits already fixed by the decisions of this Court." In Davidson v. Tel. Co., 54 S.W. 830, and Morrow v. Tel. Co., ibid., 853, the Court of Appeals of Kentucky held that a party whose name was not mentioned in the message could not recover for mental anguish.
In Rogers v. Tel. Co., 51 S.W. 773, the Supreme Court of South Carolina, after referring to the rule of Hadley v. Baxendale as controlling these mental anguish cases, then proceeded to hold that the party whose interest was not disclosed could not recover. The headnote correctly digests the opinion in these words: "Where a husband sends a telegram to his wife's mother, and it does not show on its face that it is for the benefit of his wife, and it is not alleged in the complaint that the telegraph company had notice that the telegram was sent for the benefit of the wife, the complaint fails to show that she was entitled to damages for failure to deliver."
In Poteet v. Tel. Co. (S.C.), 55 S.E. 113, Mr. Justice Woods, speaking for that Court, discusses the matter with much clearness of expression: "In cases of this character the suit is usually for the tort committed in breach of the public duty owned to the plaintiff; but the duty springs out of the contract and depends on it, for manifestly (389) the defendant owes no public duty concerning a particular telegram except to those for whom or in whose behalf it has undertaken to transmit it. All others are of the outside public, and damages which they incidentally suffer cannot by any stretch be regarded the natural and proximate result of failure to transmit a particular telegraphic message. The contract fixes the relation, and he who sues for tort based on contract must show privity with the party to be charged by connecting himself with the contract as a party or a known beneficiary. In further support of this view, it may be remarked that as to the subject-matter of a telegram it is too well established for discussion, before there can be a recovery the telegraph company must have notice that the particular result alleged as the basis of the claim was to be apprehended from delay in transmission. The same principle makes it necessary to recovery that there should be notice to the company of the beneficial interest of the particular person who claims compensation for *Page 304 
suffering." In his opinion the learned Justice cites a large number of authorities in support of his views.
The right of the sendee to recover of a telegraph company for error or negligence in the transmission or delivery of a telegram is altogether denied in Great Britain. Playford v. Tel. Co., L. R., 4 Q. B., 706. In this country the English doctrine does not generally prevail. Here the weight of authority holds that the sendee may recover in his own name such damage as he may have sustained by reason of negligence when the message was intended for his benefit and it was apparent on the face of the message or the company otherwise had knowledge of it. 2 S. R. Neg. (5 Ed.), sec. 543; Joyce Elec. Law, sec. 1008; Frazier v. Tel. Co., 67 L.R.A., 320.
The same principle applies where the message is sent for the benefit and at the instance of any one whose name does not appear on its (390) face. The well-known rule laid down in Hadley v. Baxendale, 9 Exch., 345, decided in 1854, has been applied by the Supreme Court of the United States to telegraph cases, and it is held that where the telegraph company is not informed of the nature of the transaction to which the message relates, or of the position which the plaintiff in the action would probably occupy, the measure of damages for negligence is the sum paid for sending. Primrose v. Tel. Co., 154 U.S. 29;Hall v. Tel. Co., 124 U.S. 444.
Our own Court has adopted the same principles of law as applicable to this class of cases. In a well-considered opinion in Williams v. Tel. Co.,136 N.C. 82, Mr. Justice Walker says: "The principle uniformly sustained by the cases upon the subject, some of which we have cited, is that, unless the meaning or import of a message is either shown by its own terms or is made known by information given to the agent receiving it in behalf of the company for transmission, no damages can be recovered for failure to correctly transmit and deliver it beyond the price paid for the service." In Cranford v. Tel. Co., 138 N.C. 162, the plaintiff was not permitted to recover because her interest in the telegram was not shown upon the face of it and was not brought to the attention of the company, and it is specifically held that "there can be no recovery of damages for delay in the transmission and delivery of a telegram when it does not appear in any way that the plaintiff was the intended beneficiary of the message." See, also, Kennon v. Tel. Co., 126 N.C. 232.
In conclusion, we regard it as well settled in this Court now as well as in all other courts whose decisions we have examined, that where there is a delay in the delivery of a telegram, the telegraph company is not liable for the mental anguish of every one suffering by the failure to deliver the message, but only to those for whom or in whose behalf it *Page 305 
has undertaken to transmit it. We will not undertake to reconcileCashion v. Tel. Co., 124 N.C. 459, with the principles herein (391) laid down. Whatever there may be that is conflicting with them in that case we regard as having been heretofore disregarded and practically overruled. We are of opinion that the plaintiff is entitled to recover nominal damages only, viz., the price paid for the message.
New Trial.