## Western Union Telegraph Company v. Crutcher.

(Decided June 5, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch Number Four).

Telegraphs—Action to Recover for Mental Anguish—When Recov-
ery Cannot Be Had.—Where one who is not mentioned in a tele-
gram, and whose relationship to the subject matter thereof is in
no way disclosed to the company, he cannot recover for mental
anguish suffered because of the failure to promptly deliver a
telegram, there being nothing in the message which suggested to
any agent of appellant that appellee might suffer mental anguish
by reason of a failure to promptly deliver the message.

RICHARDS & HARRIS, ARTHUR B. BENSINGER and GEORGE
H. FEARONS for appellant.

ROBT. L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee is a married woman, the wife of Walter
Crutcher, who is a traveling man.

A short time prior to the second day of June, 1912,
a surgical operation had been performed upon their
daughter, Ruby Crutcher, and she was at a hospital in
the city of Louisville; on that day she became worse, and
his nephew, Page Crutcher, late in the afternoon or early
in the evening delivered to appellant the following tele-
gram to be transmitted to Walter Crutcher, at Somerset,
Ky., to-wit:

"Walter Crutcher, Try Hotel, Somerset, Ky. Come
at once, Ruby worse. Answer. (Signed)

"PAGE."

The telegram, although received at Somerset at eight-
ten on that night, was not delivered to Walter Crutcher
until the next morning, whereby he was prevented from
reaching Louisville until Monday night, whereas if it

had been promptly delivered he could have reached there Monday morning.

This is an action by the wife for damages for mental anguish for being deprived of her husband's presence and society during this trying period by reason of the failure to promptly deliver the message, her daughter having died during the previous night after the sending of the same.

She recovered a judgment for $375 upon the verdict of a jury, and the company is appealing.

Several reasons are urged for reversal, but in our view of the case it is only necessary to consider one of them, and that is whether one who is not mentioned in a message, and whose relationship to the subject-matter thereof is in no way disclosed to the company, may recover for mental anguish suffered because of the failure to promptly deliver a telegram.

Certainly there is nothing in the face of this telegram to indicate the existence of such a person as appellee; nothing to suggest her relationship to the sick girl; nothing from which it might be inferred that any such woman was the wife of the sendee; nor does the evidence tend to show that in any way there was communicated to any agent of the company her connection with the transaction, or that she was in any wise interested in the prompt delivery of this message; there is nothing in the message which suggested to any agent of appellant that appellee might suffer mental anguish by reason of a failure to promptly deliver this message, or that she had any connection, whatsoever, with the transaction. Without elaboration it is sufficient to say that it has been distinctly held in this State that there can be no recovery for mental anguish under such circumstances. Morrow v. W. U. Tel. Co., 107 Ky., 517; Davidson v. W. U. Tel. Co., 21 K. L. R., 1292. And the same rule is almost without exception applied in those states where any recovery may be had for mental anguish. Holler v. W. U. Tel. Co., 149 N. C., 336, 63 S. E.; Helms v. W. U. Tel., 55 S. E. (N. C.), 831, (8 L. R. A. (n. s.), 249), 37 Cyc., 1716.

To the North Carolina case referred to in 8 L. R. A. (n. s.), 249, there is an exhaustive and instructive note upon this question which shows the authorities to be unanimous.

A great many of the States permit no recovery whatever for mental anguish, and even in those States where

it is allowed there is no disposition to extend this comparatively modern doctrine.

We are of opinion that the peremptory instruction should have been given, and for that reason the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith. Whole court sitting. Judge Nunn dissenting.